IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MICHAEL SHANE WILMOTH                                              PLAINTIFF

v.                              NO. 5:16-CV-5244-TLB

AUSTIN MURPHY                                                      DEFENDANT

OPINION AND ORDER

Currently before the Court are a Motion in Limine (Doc. 117) and Brief in Support (Doc. 118) filed by Defendant Austin Murphy. Plaintiff Michael Shane Wilmoth did not respond to the Motion. Nevertheless, the Court heard oral argument during the pretrial conference on October 9, 2018, at which point it ruled on the Motion. This Order memorializes those rulings. To the extent the Court's rulings here differ from the Court's rulings from the bench, this Opinion and Order controls.

I. BACKGROUND

On September 12, 2016, Plaintiff filed a Complaint in his case alleging a violation of his constitutional rights under 42 U.S.C. § 1983. Plaintiff alleged that while he was incarcerated at the Benton County Detention Center ("BCDC"), his constitutional rights were violated in the following ways: (1) he was denied adequate medical and mental health care; (2) excessive force was used against him; and (3) he was subjected to disciplinary action based on falsified documents and given an excessive punishment. As a result of this Court's Opinion on Defendants' Motion for Summary Judgment (Doc. 90), the only claim remaining for trial is the individual capacity excessive force claim asserted against Deputy Murphy.

In anticipation of trial, set for the week of October 29, 2018, Deputy Murphy filed this Motion in Limine seeking to exclude: (1) evidence of Benton County's force policy, (2) any reference to Mr. Wilmoth's other claims previously dismissed by this Court, and (3) any references to Mr. Wilmoth's injuries not documented by BCDC medical personnel.

## II. DISCUSSION

### A. Benton County's Use of Force Policy

As noted above, the only claim remaining for trial is the excessive force claim against Deputy Murphy. In order to prevail on this claim, Mr. Wilmoth must demonstrate: 1) that Deputy Murphy, acting under color of state law, used physical force against him, 2) that this force was excessive under the circumstances because it was not reasonably necessary for any legitimate purpose, and 3) that he suffered injuries as a result. *See, e.g.*, 8th Cir. Model Civ. Jury Instr. 4.41 (2017). The focus of the trial will thus be on whether the use of force against Mr. Wilmoth was objectively reasonable. *Ryan v. Armstrong*, 850 F.3d 419, 427 (8th Cir. 2017) ("We analyze the excessive force claims of pretrial detainees under an objective reasonableness standard.").

While many factors may be highly relevant to this inquiry, *see Andrews v. Neer*, 253 F.3d 1052, 1061 n.7 (8th Cir. 2001), one factor that is not *usually* highly relevant is the existence of a county policy on the use of force. That is because "[j]ail standards, although helpful and relevant in some cases, do not represent minimum constitutional standards." *Johnson v. Busby*, 953 F.2d 349, 351 (8th Cir. 1991). Indeed, such guidelines do not create constitutional rights. *Neal v. St. Louis Cnty. Bd. of Police Comm'rs*, 217 F.3d 95, 959 (8th Cir. 2000).

The Court, however, recognizes a limited exception to the general rule against admitting a police department's use of force policy where the policy may be used for impeachment purposes. Resolution of the remaining claim hinges on the objective reasonableness of Deputy Murphy's use of force. The Court can contemplate situations where the County's policy could be used to impeach Deputy Murphy's testimony, and where such impeachment would be highly beneficial to Mr. Wilmoth's theory that Deputy Murphy's use of force was not objectively reasonable. As such, the Court will not at this time prohibit the use of the County's force policy. Nevertheless, as the Court admonished during the pretrial conference, given the tendency that such testimony might tend to confuse the jury, especially were jurors to treat the departmental policy as the substantive standard by which to assess a constitutional violation, the Court will closely monitor and regulate any attempted use of this policy during the trial and will not hesitate to issue a limiting instruction or move the testimony along should the policy be used for anything other than impeachment purposes.

B.   **Reference to Previously Dismissed Parties and Claims**

Deputy Murphy also seeks to exclude any mention of the previously dismissed claims and other defendants in this case. The Court finds that the dismissed claims are not relevant to the determination of whether Deputy Murphy used excessive force against Mr. Wilmoth on the date in question. As such, these claims should not be referenced, inquired about, or commented upon during the trial.

As to previously dismissed defendants, the sole remaining defendant in this case is Deputy Murphy. As such, Mr. Wilmoth may not attempt to enlarge the scope of liability

by re-litigating whether other defendants, including the County, who have already been dismissed at summary judgment, might also be liable for the use of excessive force.

### C. References to Plaintiff's Injuries Not Documented by Benton County Detention Center Medical Personnel

Finally, Deputy Murphy requests that the Court exclude from trial any reference to undocumented injuries allegedly suffered by Mr. Wilmoth that are not verified through medical records or the admissible testimony of medical professionals. In short, Deputy Murphy's position is that Mr. Wilmoth may attempt to "refer to injuries in front of the jury that are not documented by admissible evidence, specifically seizures and migraine headaches." (Doc. 118, p. 3).

The Court will not at this time issue a blanket proscription against the introduction—or attempted introduction—of testimony regarding the extent of Mr. Wilmoth's injuries. This is especially the case given that the extent of the injuries allegedly suffered by a plaintiff is one of the factors useful for determining whether the force employed was excessive. *Andrews,* 253 F.3d at 1061 n.7. To grant Deputy Murphy's Motion on this point at this time invites speculation as to the extent of Mr. Wilmoth's injuries and his ability to prove-up those injuries through admissible evidence at trial. Of course, at trial, Deputy Murphy will be free to object to inadmissible hearsay testimony. He will also be free to cross-examine Mr. Wilmoth should his testimony be that his injuries were more extensive than his medical documentation suggests.

**IT IS THEREFORE ORDERED** that Deputy Murphy's Motion in Limine (Doc. 117) is **GRANTED IN PART AND DENIED IN PART** as described above.

**IT IS SO ORDERED** on this 25th day of October, 2018.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE