IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MICHAEL SHANE WILMOTH                                                 PLAINTIFF

V.                          CASE NO. 5:16-CV-5244

DEPUTY AUSTIN MURPHY                                           DEFENDANT

## ORDER

Plaintiff Michael Shane Wilmoth is currently incarcerated in the Arkansas Department of Correction's ("ADC") East Arkansas Regional Unit in Brickeys, Arkansas.[1] He was previously a pre-trial detainee at the Benton County Detention Center ("BCDC"). During his detention at the BCDC, he alleges, *inter alia*, that Defendant Austin Murphy, a Jail Deputy at the BCDC, used excessive force against him. Therefore, Mr. Wilmoth filed this lawsuit pursuant to 42 U.S.C. § 1983 to vindicate his Fourteenth Amendment right to be free from excessive force.[2] Following the Court's summary judgment rulings, the excessive force claim against Deputy Murphy was the sole remaining cause of action. And on July 10, 2018, the Court appointed Mr. Vincent Chadick to represent Mr. Wilmoth at trial. (Doc. 110). A final pre-trial hearing was set for October 9, 2018, and the jury trial was scheduled to commence on October 31, 2018. (Docs. 120, 121). During the October 9th pre-trial hearing, counsel for both parties indicated that they were ready for trial.

---

[1] That unit is approximately 300 miles from the Fayetteville courthouse.

[2] The Due Process Clause of the Fourteenth Amendment protects pretrial detainees from "the use of excessive force that amounts to punishment." *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989) (citation omitted).

1

The next two weeks passed without incident. During that period, and in order to enable Mr. Chadick to make final trial preparations with his client, a writ of habeas corpus ad testificandum was issued directing the Warden of the ADC East Arkansas Regional Unit to produce Wilmoth at the Washington County Detention Center by 1 p.m. on October 30, 2018.

Mid-afternoon on October 29, 2018, Mr. Chadick sent an email to the Court and to opposing counsel stating that he had just learned that Mr. Wilmoth desired to have him removed as counsel.[3] He planned to follow-up with Mr. Wilmoth in person the next day and report back. The following day, after Mr. Wilmoth was brought to Fayetteville and after Mr. Chadick had an opportunity to confer with him, Mr. Chadick informed the Court that Mr. Wilmoth did indeed desire to have Mr. Chadick removed as counsel and wished to represent himself at trial. The Court immediately set a status hearing for 4 p.m.

After hearing from counsel for both sides and from Mr. Wilmoth, the Court found sufficient good cause to grant Mr. Wilmoth's *pro se* request for a continuance of the trial. For instance, it appeared that Mr. Wilmoth and Mr. Chadick had not yet discussed—much less subpoenaed—witnesses whose testimony Mr. Wilmoth reasonably believed were relevant and necessary to his proof at trial. During the hearing, Mr. Chadick took full responsibility for certain miscommunication issues with his client and the resulting need for a continuance and stated on the record that he would personally reimburse the Court for any expenses incurred because of his actions.

---

[3] Mr. Wilmoth had drafted and mailed to the Court a formal motion to that effect. That motion was subsequently received on November 1, 2018 and filed to the docket. *See* Doc. 133.

Immediately after granting the continuance, the Court sent notice to the venire panel informing them not to report for trial the next morning. Fortunately, the Court was able to recall all but two members of the venire panel. The two members who were not recalled successfully had already made the journey from Mountain Home to Fayetteville because of the distance.[4] These two jurors thus had already incurred lodging expenses (on the Court's account) for the evening of October 30. In addition, the Court is obligated to pay these two veniremen for two days of attendance fees and their mileage expenses. Overall, the Court has incurred $661.64 in expenses because of its inability to recall these two members of the venire panel.

Given Mr. Chadick's acknowledgments during the October 30 status conference and the Court's finding that he bears responsibility for the eleventh-hour continuance—and the resulting inability to recall all the veniremen—the Court now finds good cause to order Mr. Chadick to reimburse the Clerk of Court the sum of **$661.64.**

**IT IS SO ORDERED** on this 2nd day of November, 2018.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

---

[4] Mountain Home is approximately 125 miles from Fayetteville.